# Peter Slicker *v.* Lambert Schuchert, Appellant.

*Question for jury—Building contract—Release of liens—Estoppel—Surety.*

In an action against a surety in a building contract the question of the
defendant's estoppel should be left to the jury where the evidence for the
plaintiff, although contradicted, tends to show that he was induced by
the request of the defendant to forego the requirement of the building
contract relative to the release of mechanics' liens, and to pay the con-
tractor the retained balance of money not theretofore applied on the,
contract.

Argued Oct. 30, 1896.   Appeal, No. 81, Oct. T., 1896, by
defendant, from judgment of C. P. No. 3, Allegheny Co.,
May T., 1894, No. 777, on verdict for plaintiff.   Before Ster-
rett, C. J., Green, Williams, McCollum, Mitchell, Dean
and Fell, JJ.   Affirmed.

Assumpsit against a surety in a building contract.   Before
McClung, J.

This action was originally brought by Peter Slicker against
Wm. G. Conard and Lambert Schuchert; but before trial the
record was amended by striking out the name of Wm. G. Co-
nard, as one of the defendants.

It appeared at the trial that on July 1, 1893, Wm. G. Conard
entered into a written contract with Peter Slicker for erecting
a frame house for Slicker, in accordance with certain plans and
specifications drawn up by W. A. J. Burket, an architect.   The
contract price was $2,623, to be paid by the owner to the con-
tractor as follows:  " Two hundred dollars when the stone walls
of the cellar are completed and ready for the joists.   The further

sum of eight hundred dollars when the building is under roof; and the balance when the entire work is completed and a full release of all mechanics' liens, verified by affidavit, furnished to the said owner. All payments shall be made upon written certificates of the architects to the effect that such payments have become due."

The contract further provided:

"If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default. . . . The said contractor shall, on the completion of the said work, deliver over to the said owner, the said building, free of all mechanics' liens, or claims of mechanics, subcontractors, or material men of any nature whatsoever, against the said premises."

On the first day of July, 1893, by a writing on the back of the original contract, Lambert Schuchert became surety for William G. Conard by the following agreement:

"I, Lambert Schuchert, do hereby become surety as bail absolute for the faithful performance by the said William G. Conard of all the covenants and agreements contained in the within agreement. Witness my hand and seal this first day of July, 1893. Lambert Schuchert. [Seal.]

"Signed, sealed and delivered in presence of R. E. Slicker."

The house was erected in pursuance of the contract, and as the work progressed the various instalments of the contract price were paid as they became due; but no written certificate of the architect to the effect that such payments had become due were obtained, although the work, upon completion of which the instalments were to become due, had in fact been completed.

Plaintiff averred that prior to the payment of the last instalment, $1,623, he notified the surety, who had done the plastering, that the house was completed and the contractor demanding

his money, and that he requested the surety to get out a mechanic's lien release, or see that one was gotten; but that the surety requested him to pay the money without the release, and that, acting on this request, he (plaintiff) paid the last instalment, partly to the contractor, himself, and partly on orders given by the contractor.

The defendant, Schuchert, denied having authorized the payment of the money without the release, and further averred that he had expressly requested him not to pay.

After the payment of the balance due, liens were filed against the property, and plaintiff was obliged to pay $1,256.75 to discharge them, for which amount, with interest, this suit was brought to recover from the surety.

When plaintiff was on the stand his counsel offered to prove by him that prior to the payment of the last instalment due on the contract, to wit, the sum of $1,623, he requested Lambert Schuchert, the defendant and surety on this contract, to procure a mechanic's lien release on the premises, and that the defendant requested him to pay the contractor the said balance without a mechanic's lien release.

Defendant objected to the offer as being an attempt to bind the defendant by a verbal contract in addition to the altering of a written contract.

The objection was overruled, exception allowed and bill sealed.

Plaintiff testified: " The second payment I made. Before I made it, I went to him and told him, I says ' Mr. Schuchert we had better get out a mechanical release, hadn't we?' He said ' No, we don't need none. Go ahead and pay. Him and me has been doing business for three or four years together.' So of course, when the architect came, I made the payment." [9]

When defendant was on the stand his counsel offered to prove by him that he had a conversation with the architect named in the contract, and with the contractor, the day before this payment was made, and that the architect misled the defendant as to the time when that payment was made, and told .him that it would be a considerable length of time before the final payment would be made, and to follow this by proof that the payment really was made on the same or the next day, and that the architect in that manner misled the defendant, to his prejudice, with relation to any effort he might make to seeing that this

payment was applied to the payment of the liens, or claims that might be made liens against this house.

Objected to as incompetent and irrelevant. Objection sustained, exception allowed and bill sealed. [10]

Defendant's points and answers thereto among others were as follows:

1. That under all the evidence the verdict should be for the defendant. *Answer:* This is refused. [1]

3. Unless the plaintiff makes out a case by clear, satisfactory and indubitable proof, the verdict should be for the defendant. *Answer:* This is refused; proof need not be indubitable in such cases. [2]

5. A written agreement between the parties cannot be substituted or altered by the verbal agreement in the manner claimed by the plaintiff so as to hold the defendant, and the verdict should be for the defendant. *Answer:* This point is refused under the evidence in this case. While, as I have said, I do not speak of it as a substitution or alteration by verbal agreement, yet the point is evidently intended to cover the estoppel which I have said to you may be worked in this case. [3]

6. A verbal variation of a written contract cannot be proved for the purpose of charging the defendant in a case where the contract is within the statute of frauds, and the action is brought to recover against the surety on a contract. *Answer:* This is affirmed as an abstract proposition of law, but it is not the point of this case. [4]

8. The variation as to the time or manner of payment, and as to the payment without securing a release of mechanics' liens, discharges the surety unless he should agree in writing to such alteration. *Answer:* This is refused. As I have already said to you, perhaps several times, if he made the request which induced the payment, then he is estopped from setting up the failure to require the release. [5]

10. If the plaintiff neglected to secure a release of mechanics' liens in disregard of the requirements of the written contract, he cannot hold the defendant for any loss arising from such acts. *Answer:* This is refused, under the evidence in this case. It depends upon whether these facts occurred which I have instructed you would estop the defendant. [6]

11. This case is not one within the doctrine of estoppel. *Answer:* This is refused. [7]

12. The doctrine of estoppel should not be allowed to circumvent or abrogate the provisions of the statute of frauds. *Answer:* That is very true as a proposition of law and good sense, but we think the doctrine of estoppel may have such operation as we have told you it can have in this case, without either circumventing or abrogating the provisions of the statute of frauds. [8]

Verdict and judgment for plaintiff for $1,383.67. Defendant appealed.

*Errors assigned* were (1–8) above instructions, quoting them; (9, 10) rulings on evidence, quoting the bill of exceptions.

*Ed. F. Hays*, with him *Thomas A. Noble* and *L. B. Cook*, for appellant.—There was not sufficient evidence to establish an estoppel: Anderson v. Etna Life Ins. Co., 85 N. Y. 334; McMasters v. Ins. Co., 55 N. Y. 222; Dougherty v. Bash, 167 Pa. 429; Com. v. Moltz, 10 Pa. 531; Hill v. Epley, 31 Pa. 331. The evidence should be clear, precise and indubitable: Murray v. N. Y., Lackawanna & Western R. R., 103 Pa. 37; Thomas & Sons v. Loose, 114 Pa. 35; Martin v. Berens, 67 Pa. 459; Unangst v. Hibler, 26 Pa. 150; Rowand v. Finney, 96 Pa. 192; Sylvius v. Kosek, 117 Pa. 67; Woods v. Farmere, 10 Watts, 195.

The following cases show that the surety is discharged by a variation in the time or manner of payment: General Steam Nav. Co. v. Rolt, 6 C. B. (N. S.) 550; Calvert v. London Docks Co., 2 Keene, 638; Bacon v. Chesney, 1 Stark. 192; Whicher v. Hall, 5 B. & C. 269; Stead v. Dawber, 10 Ad. & El. 57; Plevins v. Downing, L. R. 1 C. P. Div. 220; Noble v. Ward, L. R. 2 Exch. 135; Marshall v. Lynn, 6 M. & W. 109; Brown v. Sanborn, 21 Minn. 402; Espy v. Anderson, 14 Pa. 311; London & N. W. Ry. v. Whinray, 10 Exch. 77.

It is contended that the doctrine of estoppel does not apply for the reason that an alteration even for the benefit of the surety, discharges him: Tull v. Serrill, 1 W. N. C. 373; Shapley v. Abbott, 42 N. Y. 443; Emmet v. Dewhurst, 8 Eng. L. & Eq. Rep. 83.

A promise within the statute of frauds cannot be made binding as an estoppel by acting upon it: Brightman v. Hicks, 108 Mass. 246; McGaughney v. Latham, 63 Ga. 67; Daniel v. Mercer, 63 Ga. 442; Miranville v. Silverthorn, 48 Pa. 147; Washabaugh v. Entriken, 36 Pa. 513; United States v. Bank, 15 Peters, 374; N. Y. & C. R. R. v. Van Horn, 57 N. Y. 473.

*W. L. Monro*, for appellee.—Proof of the oral waiver must be clear and convincing: Clifford v. Kelly, 7 Ir. Ch. 333; Price v. Dyer, 17 Ves. 363; Leake's Digest of Law of Contracts, 691; McCombs v. McKennan, 2 W. & S. 218; Devling v. Little, 26 Pa. 502.

A party may dispense with conditions for his benefit: Taunton Bank v. Richardson, 5 Pick. 436; Drinkwater v. Tibbetts, 5 Shepley, 16; Marshall v. Mitchell, 35 Me. 221; Thornton v. Wynn, 12 Wheat. 183; Bigelow on Estoppel, 672; Bank v. Klingensmith, 10 Watts, 524; 28 Am. & Eng. Ency. of Law, 543; Legal v. Miller, 2 Ves. 299; Stowtenburg v. Tomphins, 9 N. J. L. 337; Longfellow v. Moore, 102 Ill. 289; Long v. Hartwell, 34 N. J. L. 124; Leather Cloth Co. v. Hieronimus L. R. 10 Q. B. 140; Blood v. Hardy, 15 Me. 61; Negley v. Jeffers, 28 Ohio, 100.

The defendant induced plaintiff to pay the money without the release, and he thereby waived the provision inserted for his own, the surety's benefit, and he is surely estopped to assert the right he thus waived or abandoned: 2 Herman on Estoppel, 903; Maple v. Kussart, 53 Pa. 352; 2 Herman on Estoppel, 1093; Harris v. Brooks, 21 Pick. 195; White v. Walker, 31 Ill. 422; Woodcock v. Oxford & Wor. Ry. 1 Drew. 521; Singerson v. Matthews, 20 How. 499.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 4, 1897:

While the testimony covers a great deal of ground and, in the opinion of learned counsel, appeared to involve a great many legal questions, the case virtually hinged on the question of fact—involving the principle of estoppel—which the learned trial judge submitted to the jury with correct and fully adequate instructions, and which they by their verdict determined in favor of the plaintiff, viz: Did the defendant, Schuchert, by his request, induce the plaintiff to forego the requirements of

the building contract, relative to the release of mechanics' liens etc., and pay to the contractor the retained balance of money not theretofore applied on said contract?

While the testimony relating to this subject was more or less conflicting, it was quite sufficient to not only require its sub-. mission to the jury, but also to justify them in finding, as they did, that the facts, of which estoppel was predicated, were as claimed by the plaintiff.

Referring to the provision in the building contract, that the retained balance (about $1,600) should only be payable when the entire work was completed and a full release of all mechanics' liens, verified by affidavit, furnished to the plaintiff, the learned judge instructed the jury (inter alia) substantially as follows: If the plaintiff had insisted on this provision of the contract, as he might have done, and ought to have done, for the protection of the surety, if the matter stood just as it was when the contract was executed,—if he had insisted on that, he would have learned of the existence of these liens, and could have saved himself by paying them out of the retained balance, and thus could have saved the defendant; so that if that was all,—if you find that to be the fact, then the plaintiff could not recover. But he goes further and says that when the house was finished or practically finished, when he was ready to pay the balance upon being assured that he was safe in doing so, he met Schuchert, and that, upon his own suggestion that he ought to insist upon this provision of the contract, " Schuchert requested him not to do so, but to pay out the money."

He further instructed the jury, " that if Schuchert did so request him, and that upon the inducement of that request, and because of it, he paid out that money without requiring this release of mechanics' liens, this certificate that all material had been paid for, that then Schuchert is estopped to set that up as a defense. . . . It would be grossly unfair to permit Schuchert to mislead him, to go to him and request him to forego a protection which he had under the contract, and then set up the fault of the plaintiff, which was due to his request, as a defense to this contract."

It requires neither argument nor citation of authorities to show that there was no error in thus submitting the case to the jury, or in applying the principle of estoppel to the facts impliedly found by them.

There was no error in the court's answer to defendant's points for charge recited in the first eight specifications respectively; nor is there anything in either of said specifications that requires special notice. As abstract legal propositions, some of the points are correct, but they are inapplicable to the controlling facts of the case.

Defendant's objection to the question referred to in the ninth specification was rightly overruled. His offer recited in the next and last specification was not improperly excluded. Neither of these specifications requires further notice. The case was carefully and correctly tried, and the defendant has no just reason to complain of the result. We are all of opinion that the judgment should not be disturbed.

Judgment affirmed.